# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY WAYNE HAWKINS,<br>    Petitioner,<br><br>vs.<br><br>SUPERINTENDENT BRIAN THOMPSON; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>    Respondents. | Civil Action No. 13-1189<br>Judge Mark Hornak/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for failure to comply with the Court's Order to Show Cause entered on December 9, 2013, ECF No. 20, and for failure to keep the Court informed of his current address.

### II. REPORT

#### A. Procedural History

In August 2013, Larry Wayne Hawkins ("Petitioner") initiated this Petition for Writ of Habeas Corpus. At that time, he was incarcerated in the State Correctional Institution at Mercer ("SCI-Mercer"). By way of relief, Petitioner sought to be "released [on Parole] from Mercer State Correctional Institution." ECF No. 3 at 16. See also ECF No. 3-1 at 2, ¶ 16 (the "defendant moves that this Honorable [Court] make an order for the Warden for the State Correctional Institution at Mercer, [] Warden Brian [T]hompson to release this Defendant, to the Defendant['s] home plan"). Petitioner, proceeding *pro se*, challenged the situation that, notwithstanding the fact that in July 2013, the Pennsylvania Board of Probation and Parole ("the Board") conditionally granted him parole upon completion of a substance abuse program while

he was incarcerated, the Pennsylvania Department of Corrections ("DOC") did not offer any such program to Petitioner. ECF No. 3-1 at 9. See also id. at 2, ¶ 16y ("the Department of Corrections at Mercer has no program for the Defendant [sic], and the Pennsylvania Board of Probation will not Parole this Defendant without completing a program.").

After the Petition, ECF No. 3, was filed, the Court ordered Respondents to file an Answer. ECF No. 4. After being granted an extension of time, the Respondents filed their Answer on November 1, 2013, opposing the grant of any relief. ECF No. 15. On November 4, 2013, this Court issued a Deficiency Order directing the parties to file their Selection Form, indicating whether they consented to have the Magistrate Judge exercise plenary jurisdiction. ECF No. 16. The parties were given until November 18, 2013 to comply. On November 5, 2013, Respondents filed their Selection Form, consenting to the Magistrate Judge's exercise of plenary jurisdiction. ECF No. 17. Petitioner failed to file his Selection Form as ordered and consequently, on December 9, 2013, the Court issued Petitioner an Order to Show Cause why this case should not be dismissed for Petitioner's failure to prosecute. ECF No. 20. Petitioner was ordered to file his response to the Order to Show Cause no later than January 2, 2014. Petitioner never filed a response.

When no response was forthcoming, the Court searched the DOC Inmate Locator website for Petitioner.[1] No results were returned from the search, which indicates that the prisoner is no longer in the custody of the DOC. A call was made to the Records Department of SCI-Mercer which confirmed that Petitioner was released on parole on November 12, 2013. Petitioner never informed the Court of his release on parole or a change of address.

---

[1] The DOC Inmate Locator site is available at:
http://inmatelocator.cor.state.pa.us/inmatelocatorweb/
(site last visited 1/23/2014).

**B. Discussion**

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a party's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[2] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a

---

[2] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

3

mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

In view of Petitioner's release on parole,[3] his failure to respond to the Order to Show Cause and his failure to keep the Court informed of his current address, all of which would seem to indicate that Petitioner has lost interest in pursuing this case, the Court finds the Poulis factors sufficiently met herein to justify dismissal of this case with prejudice.

Consequently, this Court recommends that Petitioner's case be dismissed with prejudice for his failings to comply with the orders of this Court and for failing to keep the Court informed of his current address.

---

[3] As an alternative holding, in view of Petitioner's requested relief, which was to be released on parole and, it appearing that he has now been released on parole, the Petition would be moot. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981) ("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot."). Accord Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir. 1988) ("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing DeFunis v. Odegaard, 416 U.S. 312, 316-17 (1974)); Althridge v. Quiggs, 852 F.2d 621, 624 (D.C. Cir. 1988) ("It seems clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot.").

## III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Petitioner's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                                         Respectfully submitted,

Date: February 13, 2014                            s/Maureen P. Kelly
                                                                        MAUREEN P. KELLY
                                                                         UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Mark Hornak
       United States District Judge

       Larry Wayne Hawkins
       JQ-2182
       S.C.I. Mercer
       801 Butler Pike
       Mercer, PA 16137

       All Counsel of Record Via CM-ECF